

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:05-CR-28 |
| | § | |
| KIRK TILDON FOSTER | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Kirk Tildon Foster, violated conditions of supervised release imposed by Chief United States District Judge Ron Clark. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #35) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 22, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually

finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

 a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

 b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On January 6, 2006, The Honorable Ron Clark of the Eastern District of Texas sentenced defendant after he pled guilty to the offense of possession of child pornography, a Class C felony. The Court sentenced the defendant to 112 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug and alcohol aftercare; mental health aftercare; Sex Offender Registration; Sex Offender aftercare; no contact with minors under age 18; computer and electronics restrictions; pornography restriction; location restriction; employment restriction; and a $100 special assessment. On October 7, 2013, Mr. Foster completed his period of imprisonment and began service of the

supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following special condition of supervised release:

*The defendant shall not possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2).*

Specifically, on June 4, 2015, Kirk Foster admitted that he previously violated a condition of his supervision by viewing a movie that depicts sexually explicit conduct. Mr. Foster initially indicated that he stopped looking at the movie once he realized it was porn. He later changed his story and admitted to watching 30 to 40 minutes of the sexually explicit movie

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government submitted, in exhibit form, a copy of a document entitled Response to Allegation of Violation(s) of Conditions of Supervision in which he admits to viewing a pornographic movie in violation of his conditions of supervised release.

Defendant, Kirk Tildon Foster, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he viewed pornography in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by viewing pornography.

This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than three years. *See* 18 U.S.C. § 3583(h); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Foster pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **eleven (11) months** imprisonment. If possible, the Court recommends placement in the Federal Correctional Institution (FCI) in Seagoville, Texas, or the Federal Medical Center (FMC) Butner for the prison term.

The Court further recommends that, upon his release from prison, the defendant serve a new term of **supervised release of twelve (12) months**. The new term of supervision should be subject to the mandatory and standard conditions adopted by the Court and imposed in the original judgment of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of June, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE