# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 9:05-CR-00028-RC |
| v. | § | |
| | § | |
| | § | |
| KIRK TILDON FOSTER | § | |
| | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 1, 2016, alleging that the Defendant, Kirk Tildon Foster, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Foster was sentenced on January 6, 2006, before The Honorable Chief Judge Ron Clark, of the Eastern District of Texas, after pleading guilty to the offense of Possession of Child Pornography, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 120 months. Foster was subsequently sentenced to 112 months' imprisonment followed by a three year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug and alcohol aftercare, mental health aftercare, Sex Offender Registration, Sex Offender aftercare, no contact

with minors, computer and electronics restrictions, pornography restriction, location restriction, employment restriction, and a $100 special assessment.

## II. The Period of Supervision

On October 7, 2013, Foster completed his period of imprisonment and began service of the supervision term. On July 21, 2015, Foster's term of supervised release was revoked. He was subsequently sentenced to 11 months' imprisonment, to be followed by a 12 month term of supervised release. The new term of supervised release started on May 6, 2016.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Foster violated the following condition of release: The Defendant shall not possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2). The petition alleges that on August 23, 2016, Foster admitted that he watched a pornographic movie after using his mother's credit card to purchase the movie on a pay for view channel.

## IV. Proceedings

On January 4, 2017, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the allegation that claimed he failed to no possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section

2256(2). In return, the parties agreed that he should serve a term of imprisonment of 5 months' imprisonment, with no supervised release to follow.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to not possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2), the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to no possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2). Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 5 months, with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to not possess or view any images, in any form or media or in any live venue, that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2). The petition should be granted and the Defendant's supervised release should be revoked

pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 5 months' imprisonment, with no term of supervised release to follow. The Defendant requested to serve his prison term at a Federal Medical Facility. The Defendant's request should be accommodated, if possible.

### VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of January, 2017.

_____
Zack Hawthorn
United States Magistrate Judge